# Moses v, Ingram.

*Action on Rent Notes.*

1. *Action on rent note; right to maintain the same.*—A vendor of leased premises, who, under an agreement with his vendee, is to retain possesson of the rent notes subsequently maturing, collect them as they mature, credit the vendee with the amount collected, and account to her therefor, has no·beneficial interest in such rent notes, and can not maintain an action in his own name founded upon them.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This was an action brought by the appellee against the appellant, and counted on several promissory notes, made by the defendant for the rent of certain property which was, at the time of the making of said notes, the property of the plaintiff. The defendant, by sworn plea, denied that the plaintiff was entitled to the proceeds, and that plaintiff did not own the debt evidenced thereby. The facts as disclosed on the trial of the cause are sufficiently stated in the opinion. The court, trying the case without the intervention of a jury, rendered judgment for the plaintiff; and from this judgment the present appeal is taken, and the same is assigned as error.

McLEOD & TUNSTALL, for appellant. An agent who has promissory notes for collection merely, has no such beneficial interest in them as would entitle him to bring suit.— *Pleasants v. Erskine*, 82 Ala. 386; *Nabors v. Shippey*, 15 Ala. 293; *Bancroft v. Paine*, 15 Ala. 834; *Bryant v. Owens*, 1 Porter 201; *Newbold v. Wilson*, Minor 12.

MATTHEWS & WHITESIDE, *contra*, cited *Hirschfelder v. Mitchell*, 54 Ala. 423; *Yerby v. Sexton*, 48 Ala. 311.

HEAD, J.—The evidence shows, without conflict, that when plaintiff, S. P. Ingram, sold the real estate to Mrs,

[Myers v. Byars.]

Cooper, for the rent of which this suit is brought by Ingram against Moses, his tenant, it was expressly agreed (as well as it was implied by law) that the rents, afterwards maturing under the lease to Moses, passed to and became the property of Mrs. Cooper, the purchaser; and it was agreed that Ingram, who had possession of the rent notes, should retain and collect them as they matured, and give Mrs. Cooper credit for the amounts collected, and account to her for the same. There is no evidence that Mrs. Cooper owed Ingram any thing; hence the notes were not retained by him as collateral security. After Mrs. Cooper thus acquired the ownership, there was left in Ingram no beneficial interest whatever in the rents, or the notes given by Moses therefor; but the effect of the arrangement was to constitute him her agent, merely, to collect and account to her. The statement of Ingram, as a witness, that he was the owner of the notes, was a conclusion, repelled by the undisputed facts, and counts for nothing. Not being the real owner, and the notes being, as the record shows, non-commercial in their character, Ingram can not maintain the action. It should have been brought in the name of Mrs. Cooper, the real owner. The ownership was put in issue by sworn plea as the rule requires.

The judgment of the City Court is reversed, and a judgment will be here entered in favor of the appellant.

Reversed and rendered.